UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIYA WALSH, et al., | No. 2:13-cv-2077 MCE KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| AMERICAN MEDICAL RESPONSE, et al., | |
| Defendants. | |

Plaintiffs Liliya Walsh and Peter Walsh are proceeding without counsel in this action.[1] On February 27, 2014, this case was before the undersigned for a status (pretrial scheduling) conference. Plaintiff Liliya Walsh appeared on her own behalf. Plaintiff Peter Walsh did not make an appearance.[2] Attorney Andrew Caulfield appeared telephonically on behalf of defendant Rocklin Police Department. Attorney Alison Vitacolonna appeared telephonically on behalf of

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Ordinarily, the undersigned would issue an order requiring plaintiff to show cause why he failed to appear at the scheduling conference. However, in light of the fact that both plaintiffs are proceeding pro se and the undersigned was able to caution Liliya Walsh during the conference that plaintiffs must both appear on their own behalf, no order to show cause will issue at this time. Plaintiffs are cautioned that they must *both* appear at *all* future hearings scheduled in this case. Plaintiffs are further cautioned that any future failures to appear may result in the imposition of sanctions, including, but not limited to, a recommendation to the District Judge assigned to this case that this action be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

1

defendants Placer County and Telecare Placer Psychiatric Health Facility.  Attorney Scott Kanter appeared telephonically on behalf of defendant American Medical Response North.  No appearance was made on behalf of defendant Sutter Roseville Medical Center.[3]

For the reasons discussed on the record during the conference, it is HEREBY ORDERED THAT:

1. In light of the fact that defendants have not had the opportunity to answer plaintiff's amended complaint and have or may file motions to dismiss, no future dates will be scheduled at this time.

2. Plaintiffs are reminded that they must file an opposition to any motions filed by defendants, including Rocklin Police Department's pending motion to dismiss (ECF No. 8), in conformance with the Federal Rules of Civil Procedure and the court's Local Rules.  Plaintiffs are cautioned that failure to timely file an opposition to any such motions may result in the court deeming their failure as a statement of non-opposition to the relevant motion and may also result in the court imposing other sanctions against plaintiffs, including, but not limited to, monetary sanctions.

3. Plaintiffs' motion styled as "Petition for Relief from Claim Requirement" (ECF No. 2) is DENIED without prejudice on procedural grounds.  Plaintiffs' motion is procedurally improper because the motion was never properly noticed and set for a hearing date pursuant to Local Rule 230(b).  If plaintiffs wish their motion to be addressed by the court, they will need to properly notice and set it for hearing in conformance with Local Rule 230(b).

4. Plaintiffs' Motion for Authorization to File Documents Electronically (ECF No. 7) is DENIED without prejudice to the filing of any future such motions if plaintiffs are able to show that they have been able to proceed in this case in conformance with the Federal Rules of Civil

---

[3] None of the defendants have been served with or have waived service of process at this point in time.  However, counsel for all of the defendants present during the conference represented that they will not challenge service of process and will sign and submit the waiver of service forms plaintiffs mailed to them.  Plaintiffs are reminded that they will need to get in contact with Sutter Roseville Medical Center to determine whether that defendant plans on waiving service of process, or whether plaintiffs will need to effect service in compliance with Federal Rule of Civil Procedure 4(c).

Procedure, the court's Local Rules, and the court's orders.

IT IS SO ORDERED.

Dated: February 28, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE