UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIYA WALSH, an individual, PETER WALSH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE; SUTTER ROSEVILLE MEDICAL CENTER; TELECARE PLACER PSYCHIATRIC HEALTH FACILITY; ROCKLIN POLICE DEPARTMENT; PLACER COUNTY; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:13-cv-2077-MCE-KJN-PS<br><br>**ORDER** |

Through the present action, Plaintiffs Liliya and Peter Walsh ("Plaintiffs"), proceeding pro se, seek damages stemming from Defendants' response to a medical emergency that occurred on or about October 5, 2012.  Liliya Walsh was taken by paramedic employees of Defendant American Medical Response to Defendant Sutter Roseville Medical Center, where she was hospitalized.  Officers from Defendant Rocklin Police Department undertook a welfare check, and Officer Jeff Paxton authorized an application to place Liliya on an involuntary 72-hour detention hold for evaluation and treatment pursuant to California Welfare and Institutions Code § 5150.  Liliya was ultimately taken to Defendant Telecare Placer Psychiatric facility and was later released.

On September 11, 2014, the assigned Magistrate Judge issued findings recommending that this matter be dismissed.  On December 29, 2014, the undersigned adopted the Magistrate Judge's Findings and Recommendations in full and dismissed the case.  Plaintiffs thereafter, on January 12, 2015, filed a Motion for Reconsideration.  Then, on March 9, 2015, Plaintiff filed the Amended Motion for Reconsideration presently before the Court.  Defendants have opposed that Amended Motion.

A motion for reconsideration is properly brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  A motion for reconsideration is treated as a Rule 59(e) motion if, like Relators' motion presently before the Court, it is filed within twenty-eight days of entry of judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court

1 is presented with newly discovered evidence, committed clear error, or if there is an
2 intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d
3 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263
4 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is
5 wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox
6 Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

7 Additionally, Local Rule 230(j)(3) requires a party filing a motion for
8 reconsideration to show the "new or different facts or circumstances claimed to exist
9 which did not exist or were not shown upon such prior motion, or what other grounds
10 exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are
11 addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe
12 R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

13 In order to succeed, a party making a motion for reconsideration pursuant to Rule
14 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to
15 reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL
16 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of
17 Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on
18 other grounds, 828 F.2d 514 (9th Cir. 1987)). A motion for reconsideration should not be
19 used to raise arguments or present evidence for the first time when the arguments or
20 evidence could reasonably have been raised earlier in the litigation. 389 Orange
21 St. Partners, 179 F.3d at 665.

22 Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for
23 amendment are restricted to either repetitive contentions of matters which were before
24 the court on its prior consideration or contentions which might have been raised prior to
25 the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal.
26 1991); see also Taylor, 871 F.2d at 805. This position stems from the district courts'
27 "concerns for preserving dwindling resources and promoting judicial efficiency."
28 Costello, 765 F. Supp. at 1009 (internal citations omitted). Rule 59(e) motions for

reconsideration are therefore not intended to "give an unhappy litigant one additional change to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

The sole federal claim set forth in Plaintiff's First Amended Complaint is for violation of Plaintiffs' procedural due process rights under the Fourteenth Amendment in contravention of 42 U.S.C. § 1983.  That federal claim purports to be made against Defendants Sutter General Hospital, Telecare Placer Psychiatric, Jeff Paxton and Placer County.  As the Magistrate Judge's Findings and Recommendations note, because there were no cognizable allegations that either Sutter Roseville Hospital or Telecare Placer Psychiatric  were acting under color of state law so as to come within the purview of Section 1983, no federal claim has against them was stated.  With respect to Officer Jeff Paxton, he was never substituted in as a defendant, and because the original complaint and its attachments refer to Paxton by name, Plaintiffs cannot claim ignorance as to his identity and therefore cannot substitute Paxton as a "Doe" defendant on that basis. Finally, with regard to Placer County, Plaintiffs made no showing that any official policy or custom on the County's part was responsible for Plaintiffs' claimed injuries so as to subject Placer County to Section 1983 liability.  Consequently, the Magistrate Judge properly determined that Plaintiffs' First Amended Complaint stated no viable federal claim.

In the absence of a viable federal claim, the Magistrate Judge recommended that the court decline to exercise supplemental jurisdiction over the remaining state law claims for false imprisonment, battery, assault, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, medical malpractice, and violation of California Welfare & Institutions Code sections 5325 and 5326.2  The Court agreed with that recommendation and consequently dismissed Plaintiffs' lawsuit in its entirety.

In urging the Court to reconsider its dismissal, Plaintiffs fail to meet the rigorous standards required to warrant such an extraordinary remedy.  Plaintiffs' Amended Motion

itself concedes that they "request the court to reevaluate the evidence."  Pls.' Am. Mot., 4L27-28.  Without identifying new facts or a change in law to warrant such reevaluation, Plaintiffs' reconsideration request is plainly improper.  Plaintiffs make no effort to bolster their sole federal claim, for violation of 42 U.S.C. § 1983, other than to reassert the same arguments they have already advanced.[1]  Plaintiffs provide no new or different facts, that they could not previously have asserted, indicating that reconsideration is appropriate.  Nor do they identify any intervening change in the controlling law warranting a result different than that already reached.  Given those shortcomings, Plaintiffs' Motion for Reconsideration (ECF No. 93) is DENIED.

    IT IS SO ORDERED.

Dated:  April 23, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Indeed, Plaintiffs appear to spend the bulk of their reconsideration request arguing the merits of Liliya's detention under California law and whether there was probable cause to support that detention.  Those arguments go to Plaintiff's state law claims, over which the Court has declined to exercise supplemental jurisdiction.